**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARKEL INTERNATIONAL INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-1156 |
| v. | (JUDGE CAPUTO) |
| WESTERN PA CHILD CARE, LLC, et al. | |
| Defendants, | |

**MEMORANDUM**

Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendants' Motion will be denied.

**BACKGROUND**

In the instant case, Plaintiff Markel International Insurance Company ("Markel") has filed a Complaint seeking a Declaration that it has no duty to defend or indemnify the Defendants for any claims asserted in the Luzerne County Litigation in which the Defendants are involved.

**A.   The Underlying Case**

The instant suit arises out of the following cases filed in the Middle District of Pennsylvania: *Wallace v. Powell*, No. 3:09-cv-0286, *Conway v. Conahan*, No. 3:09-cv-0291, *H.T. v. Ciavarella*, No. 3:09-cv-0357, *Humanik v. Ciavarella*, No. 3:09-cv-0630, *Clark v. Conahan, et al.*, No. 3:09-cv-2535, and *Dawn v. Ciaverella, et al.*, No. 3:09-cv-797. These suits have all been consolidated under civil action number 3:09-cv-0286. The factual background of the underlying consolidated case can be found in *Wallace v. Powell*, No.

3:09-cv-0286, 2009 WL 4051974 (M.D. Pa. Nov. 20, 2009). This opinion will only relate the facts necessary for an understanding of the current declaratory judgment suit.

There are two complaints in the underlying suit, the Master Individual Complaint ("MIC") and the Master Class Action Complaint ("MCAC"). The MIC includes the following allegations.

Defendants Western PA Childcare and PA Childcare are entities responsible for operating juvenile detention facilities and Defendant Powell is "an owner, officer, shareholder, and operator" of these facilities. Western PA Childcare, PA Childcare, and Powell were part of a conspiracy in which two Luzerne County judges received kickbacks for maintaining a high rate of occupancy in the juvenile detention facilities run by Powell and managed by Western PA Childcare and PA Childcare. As part of this conspiracy, the judges would often violate the civil rights of the juveniles appearing before them by denying them right to counsel and ensuring disproportionately large sentences, among other things. The MIC charges all Defendants with Violation of the RICO Act (Count I), Conspiracy to Violate the RICO Act (Count II), Deprivation of Substantive and Procedural Due Process pursuant to 42 U.S.C. § 1983 (Count III), Deprivation of Rights Pursuant to 42 U.S.C. § 1983 (Count IV), Deprivation of Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count V), Civil Conspiracy (Count VIII), and False Imprisonment (Count IX).

The MCAC alleges that Powell was an owner and operator of Western PA Childcare and PA Childcare. The factual allegations that make up the MCAC are, for the purposes of this Motion, very similar to those in the MIC. The claims against the Defendants in the MCAC are Conspiracy to Violate Plaintiffs' Right to an Impartial Tribunal Guaranteed by the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983) (Count II),

Conspiracy to Deprive Youth of Their Right to Counsel an/or Knowing, Intelligent, and Voluntary Guilty Plea in violation of the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count IV), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(c) (Count V), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(b) (Count VI), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(d) (Count VII), and Wrongful Imprisonment (Count IX).

### B.    The Markel Policies

Western PA Childcare, LLC, is the named insured on four Markel policies that were in effect from July 1, 2005 to July 1, 2009.  There are two policy sections that are pertinent to the motion at bar.  Coverage A of the Markel policies provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . .."  The bodily injury or property damage must be caused by an "occurrence."  Exclusion (a) ("Expected or Intended Injury") of Coverage A states that the insurance does not apply to "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."  Coverage B of the Markel Policies provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'personal injury or advertising injury' to which this insurance applies."  The Markel Policies define "personal or advertising injury" to mean specifically enumerated offenses, including false arrest, detention or imprisonment and malicious prosecution.  Exclusion (a) of Coverage B states that the insurance does not apply to "'personal injury and advertising injury' caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal injury and advertising injury'.

### C.     Procedural History

Pursuant to the insurance policies, Defendants Western PA Childcare, LLC, Zappala and Powell tendered defense of the underlying complaints to Markel, which denied the defense and indemnity. Markel filed a Complaint for a Declaratory Judgment that it does not owe Defendants Western PA Childcare, PA Childcare, LLC, Powell, Zappalla, Mid-Atlantic Youth Services Corp. or Vision Holdings, LLC a defense or indemnity. Defendants Western PA Childcare, PA Childcare, and Zappala filed a Motion to Dismiss the Complaint. The motion has been fully briefed and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant

4

[with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

I.  **Failure to State a Claim**

   A.  **General Principles**

Defendants argue that Plaintiff has failed to state a claim for declaratory judgment because Plaintiff has a duty to defend and indemnify under Coverages A and B of the policies. To determine if the Plaintiff states a claim for which relief may be granted, it is necessary to examine the language of each type of coverage and to compare it to the allegations of the underlying complaint. The interpretation of an insurance contract is a question of law for the court to decide. *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir.1997) (citation omitted). The insured has the initial burden of establishing coverage under the policy. *Butterfield v. Giuntoli*, 448 Pa.Super. 1 (1995). A court must give effect to the plain language of the insurance contract read in its entirety. *Reliance*, 121 F.3d at 901. On the other hand, when the insurer relies on a policy exclusion as the basis for denying coverage, it bears the burden of proving that the exclusion applies. *Mistick, Inc. v. Northwestern Nat. Cas. Co.*, 806 A.2d 39, 42 (Pa. Super.2002). Policy exclusions are strictly construed against the insurer. *Selko v. Home Ins. Co.*, 139 F.3d 146, 152 n. 3 (3d Cir.1998) (citing *Standard Venetian Blind*, 469 A.2d at 566).

In determining whether an insurer has a duty to defend and indemnify, a court must examine only the allegations in the complaint in the underlying litigation; it is error to look elsewhere. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317 (2006); *see also Coregis Ins. Co. v. Harrisburg*, No. 1:03-CV-920, 2006 WL 860710, at *4 (M.D. Pa. Mar.30, 2006) ("Under Pennsylvania law, the question of whether

an insurance company has a duty to defend is determined by comparing the allegations contained within the four corners of the underlying complaint against the terms and conditions of the insurance policy at issue.") (emphasis added); *Tuscora Wayne Mut. Ins. Co. v. Kadlubosky*, 889 A.2d 557, 561 (Pa. Super. Ct. 2005) ("It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend."). When examining the underlying complaint's allegations, the court must "resolve all doubts as to coverage in favor of the insured." *Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, No. 1:05-CV-1252, 2007 WL 1576412, at *4 (M.D. Pa. May 30, 2007).

### B.   Duty to Defend

Under Pennsylvania law, an insurer's duty to defend is broader than its duty to indemnify, as the duty to defend arises whenever the allegations in the underlying complaint taken as true and liberally construed in favor of the insured, state a claim to which the policy potentially applies. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir.1999) (citing *Erie Ins. Exch. v. Transamerica Ins. Co.*, 516 Pa. 574 (1987); *Biborosch v. Transamerica Ins. Co.*, 412 Pa.Super. 505 (Pa. Super. Ct.1992)). "Furthermore, if a single claim in a multiclaim lawsuit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim." *Id.* On the other hand, the duty to indemnify arises only if the damages the insured must pay are actually within the policy coverage. *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir.1994). Thus, there may be a duty to defend without a duty to indemnify. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746.  The Court will now examine Plaintiff's duty to defend the Defendants under each of the policy coverages.

7

### C.     Coverage A

Plaintiff has stated a claim under Fed. R. Civ. P. 12(b)(6) that it does not owe Defendants a duty to defend under Coverage A because the underlying complaints do not allege bodily injury or property damage caused by an accident.

Coverage A applies to "bodily injury" and "property damage" only if: "[t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'." The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The Pennsylvania Supreme Court has established that the term "accident" within insurance policy, "refers to an unexpected and undesirable event occurring unintentionally" and that the "key term in the definition of 'accident' is 'unexpected' which implies a degree of fortuity." *Donegal Mut. Ins. Co. v. Bauhammers*, 595 Pa. 147, 159 (2007) (citing *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins.*, 589 Pa. 317, 333 (2006)). In *Nationwide Mutual Fire Ins. Co. v. Pipher*, 140 F.3d 222, 226 (3d Cir. 1998), the Third Circuit Court of Appeals held that whether the underlying injury for which the insured seeks defense is an accident "must be determined *from the perspective of the insured* and not from the viewpoint of the person who committed the injurious act." Thus, when the injury or damage is directly attributable to the intentional act of a third party as well as the negligence of the insured, it is an occurrence or accident that will require the insurer to defend its insured. *Id.* at 228. The *Pipher* court held "that the insurer is obligated to defend under such policy . . . when the complaint alleges the insured's negligence." *Id*. However, reckless, malicious, or purposeful conspiratorial activities are not "negligent" and cannot be

considered "accidents" under the plain language of an occurrence-based insurance policy, like the one at bar. *See Legion Indemnification Co. v. Carestate Ambulance Inc.*, 152 F.Supp.2d 707, 716-718 (E.D. Pa.2001) (holding that reckless or grossly negligent action and civil conspiracy are not covered "occurrences" in policy that defines "occurrence" as an "accident").

Defendants here argue that Coverage A applies because some of the factual allegations in the underlying complaints allege acts that could be described as less than intentional or purposeful, and therefore accidental. However, the underlying factual allegations claim that the Defendants allegedly knew and conspired to violate the juveniles' rights. The underlying complaints contain only factual allegations of intentional, reckless, and wanton conduct, not of negligence or accidents. Because Coverage A requires an "occurrence" not satisfied by the factual allegations of the underlying complaint, Coverage A does not establish that Plaintiff has a duty to defend.

### D. Coverage B

Plaintiff has also stated a claim under Fed. R. Civ. P. 12(b)(6) that it does not owe Defendants a duty to defend under Coverage B because of the exclusion for knowing violations of the rights of another.

Coverage B insures Defendants from liability from personal and advertising injury arising out of claims for false arrest\imprisonment and malicious prosecution. However, exclusion (a) of Coverage B states that the insurance does not apply to "'personal injury and advertising injury' caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal injury and advertising injury'."

9

In an opinion dated March 9, 2009 arising out of the same underlying litigation and dealing with the same duty to defend issue and exact same exclusion, this Court held that:

> Even reading the knowing violation exclusion strictly against [the insurer], the underlying complaints clearly allege that [the defendants] were part of a conspiracy in which they committed false imprisonment of the underlying plaintiff (sic) with the knowledge that their detention had been procured by violating the constitutional rights of the plaintiffs. It is alleged that MAYS and Powell knew of these deprivations because it was part of the scheme, funded by their kickbacks, to facilitate detention of the juveniles in the facilities owned by Powell and managed by MAYS. Even though the MIC and MCAC make out claims for false imprisonment that would otherwise fall under the protection of Coverage B, the alleged knowing violation of the underlying plaintiffs' rights trigger the "knowing violation" exclusion and strip Colony of its duty to defend against the allegations in the underlying complaints.

*Colony Ins. Co. v. Mid-Atlantic Youth Serv. Corp.*, No. 3:09-cv-1773, 2010 WL 817703, at *6 (M.D. Pa. Mar. 9, 2010).

Here, the underlying complaints allege that the false imprisonment engaged in by Defendants was done with the knowledge that their actions were violating the constitutional rights of the underlying plaintiffs. While Defendants claim that the actions of Defendants Powell and Zappala should not deprive Western PA Childcare and PA Childcare of coverage, the underlying complaints allege specific conspiracy and related claims against Western PA Childcare and PA Childcare, and Powell's and Zappala's alleged actions, as owners and controllers of these facilities, were for the latter's benefit. As such, the facts alleged in the underlying lawsuit fall within the "knowing violation" exclusion to Coverage B, and Plaintiff therefore does not have a duty to defend the Defendants. Therefore, Defendants' Motion will be denied on this ground as well.

### E. Duty to Indemnify

Because the duty to indemnify is narrower than the duty to defend, it follows that any time there is no duty to defend, there is no duty to indemnify. *See Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir. 1994). Therefore, as this Court holds that Plaintiff has stated

a claim under Fed. R. Civ. P. 12(b)(6) that it does not have a duty to defend in the underlying suits, it likewise has stated a claim that it does not have a duty to indemnify.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be denied. An appropriate order follows.


 3/28/11                                                                    /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARKEL INTERNATIONAL INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-1156 |
| v. | (JUDGE CAPUTO) |
| WESTERN PA CHILD CARE, LLC, et al. | |
| Defendants, | |

**ORDER**

**NOW**, this   28th   day of March, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 22) is **DENIED**.

     /s/ A. Richard Caputo
     A. Richard Caputo
     United States District Judge