IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKEL INTERNATIONAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTERN PA CHILD CARE, LLC, ROBERT J. POWELL, GREGORY ZAPPALA, PA CHILDCARE, LLC, MID-ATLANTIC YOUTH SERVICES CORP., and VISION HOLDINGS, LLC,<br><br>    Defendants, | CIVIL ACTION NO. 3:10-CV-1156<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court are Plaintiff Markel International Insurance Company's Motion for Summary Judgment Against All Defendants and the Cross-Motion for Summary Judgment by Defendants Western PA Child Care, LLC ("WPACC"), Gregory Zappala, PA Child Care, LLC ("PACC"), and Mid-Atlantic Youth Services Corporation ("MAYS"). Because Markel has no duty to defend or indemnify the Defendants, its motion will be granted and the Defendants' motion will be denied.

### I. Background

Plaintiff Markel is an insurance company seeking a declaration that it has no obligation to defend or indemnify any of the Defendants in several underlying lawsuits.

**A.   The Underlying Suits**

Defendants have been sued in several different actions filed in the Middle District of Pennsylvania that have been consolidated as *Wallace v. Powell*, No. 3:09-cv-0286. This opinion only outlines the facts necessary to address the instant motions for summary

judgment; a more extensive factual background can be found in *Wallace v. Powell*, No. 3:09-cv-0286, 2009 WL 4051974 (M.D. Pa. Nov. 20, 2009). There are two complaints in the underlying suit: the Master Individual Complaint ("MIC") and the Master Class Action Complaint ("MCAC").

The MIC contains the following allegations: Defendants PACC and WPACC are corporations that own and operate juvenile detention facilities (MIC, ¶¶ 8-9); Defendant MAYS also operated the PACC and WPACC facilities by virtue of a contractual agreement (*id.* ¶ 19). Defendants Robert Powell and Gregory Zappala are "owner[s], officer[s], shareholder[s], and operator[s]" of the three Defendant Corporations (*id.* ¶¶ 5, 12). All Defendants were part of a conspiracy to defraud the juveniles of the Commonwealth of Pennsylvania and deprive them of their rights (*id.* ¶ 29). As part of this conspiracy, the Defendants made payments of more than $2.6 million to two judges of the Court of Common Pleas for Luzerne County in exchange for those judges facilitating the construction and expansion of the PACC and WPACC juvenile detention centers and then ensuring that juveniles were placed at those facilities (*id.* ¶¶ 30-32). The Defendants then employed several schemes in order to hide their payments to the judges (*id.* ¶ 33). The MIC charges all Defendants with Violation of the RICO Act (Count I), Conspiracy to Violate the RICO Act (Count II), Deprivation of Substantive and Procedural Due Process pursuant to 42 U.S.C. § 1983 (Count III), Deprivation of Rights Pursuant to 42 U.S.C. § 1983 (Count IV), Deprivation of Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count V), Civil Conspiracy (Count VIII), and False Imprisonment (Count IX).

The MCAC alleges that Mr. Powell and Mr. Zappala were owners of the Defendant

Corporations (MCAC, ¶¶ 4, 11). The factual allegations that make up the MCAC are, for the purposes of this Motion, very similar to those in the MIC. The claims against the Defendants in the MCAC are Conspiracy to Violate Plaintiffs' Right to an Impartial Tribunal Guaranteed by the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983) (Count II), Conspiracy to Deprive Youth of Their Right to Counsel an/or Knowing, Intelligent, and Voluntary Guilty Plea in violation of the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count IV), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(c) (Count V), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(b) (Count VI), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(d) (Count VII), and Wrongful Imprisonment (Count IX).

**B. The Markel Policies**

Western PA Childcare, LLC is the named insured on four Markel policies that were in effect from July 1, 2005 to July 1, 2009. There are two policy sections that are pertinent to the motion at bar. Coverage A of the Markel policies provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . .." The bodily injury or property damage must be caused by an "occurrence." Exclusion (a) ("Expected or Intended Injury") of Coverage A states that the insurance does not apply to "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured." Coverage B of the Markel Policies provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'personal injury or advertising injury' to which this insurance applies." The Markel Policies define "personal or advertising injury" to mean specifically enumerated offenses, including false arrest, detention or imprisonment and malicious prosecution.

3

Exclusion (a) of Coverage B states that the insurance does not apply to "'personal injury and advertising injury' caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal injury and advertising injury'.

**C.   Procedural History**

Pursuant to the insurance policies, WPACC, Mr. Powell, and Mr. Zappala tendered defense of the underlying complaints to Markel, which denied the defense and indemnity. Markel filed its declaratory judgment action on May 28, 2010. PACC, WPACC, MAYS, and Mr. Zappala moved to dismiss; their motion was denied on April 12, 2011.

On April 29, 2011, Markel filed its motion for summary judgment. PACC, WPACC, MAYS, and Mr. Zappala filed a cross-motion for summary judgment on May 20, 2011. The motions have been fully briefed and are ripe for consideration.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact

is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Id.* at 256–57.

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the judge's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the judge must simply "determine whether there is a genuine issue for trial." *Id.*

### III. Discussion

The interpretation of an insurance contract is a question of law for the court to decide. *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir.1997) (citation omitted). The insured has the initial burden of establishing coverage under the policy. *Butterfield v. Giuntoli*, 670 A.2d 646, 651 (Pa. Super. 1995). A court must give effect to the plain language of the insurance contract read in its entirety. *Reliance*, 121 F.3d at 901. On the other hand, when the insurer relies on a policy exclusion as the basis for denying coverage, it bears the burden of proving that the exclusion applies. *Mistick, Inc. v. Nw. Nat'l Cas. Co.*,

806 A.2d 39, 42 (Pa. Super.2002). Policy exclusions are strictly construed against the insurer. *Selko v. Home Ins. Co.*, 139 F.3d 146, 152 n. 3 (3d Cir.1998) (citing *Standard Venetian Blind Co. v. Amer. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983)).

In determining whether an insurer has a duty to defend and indemnify, a court must examine only the allegations in the complaint in the underlying litigation; it is error to look elsewhere. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.3d 888, 896 (Pa. 2006); *see also Coregis Ins. Co. v. Harrisburg*, No. 1:03-CV-920, 2006 WL 860710, at *4 (M.D. Pa. Mar.30, 2006) ("Under Pennsylvania law, the question of whether an insurance company has a duty to defend is determined by comparing the allegations contained *within the four corners of the underlying complaint* against the terms and conditions of the insurance policy at issue.") (emphasis added). When examining the underlying complaint's allegations, the court must "resolve all doubts as to coverage in favor of the insured." *Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, No. 1:05-CV-1252, 2007 WL 1576412, at *4 (M.D. Pa. May 30, 2007). Here, Defendants attempt to support their arguments by addressing facts outside the underlying complaints, but this outside information will not be considered.

Under Pennsylvania law, an insurer's duty to defend is broader than its duty to indemnify, as the duty to defend arises whenever the allegations in the underlying complaint, taken as true and liberally construed in favor of the insured, state a claim to which the policy potentially applies. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir.1999) (citing *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)). "Furthermore, if a single claim in a multiclaim lawsuit is potentially covered, the

6

insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim." *Id.* On the other hand, the duty to indemnify arises only if the damages the insured must pay are actually within the policy coverage. *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir.1994). Thus, there may be a duty to defend without a duty to indemnify. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746.

## A.   Duty to Defend

Markel's motion for summary judgment will be granted on the grounds that it has no duty to defend any of the Defendants in the underlying litigation based on either Coverage A or Coverage B of the Markel Policies.

### 1.   Coverage A

Coverage A of the Markel Policies does not create a duty to defend because it extends coverage only to "occurrences," and the allegations in the underlying complaints do not qualify as "occurrences." Coverage A applies to "bodily injury" and "property damage" only if: "[t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'." The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under Pennsylvania law, the term "accident" within an insurance policy "refers to an unexpected and undesirable event occurring unintentionally." *Donegal Mut. Ins. Co. v. Bauhammers*, 938 A.2d 286, 292 (Pa. 2007) (citing *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins.*, 908 A.2d 888, 898 (Pa. 2006)). However, as I determined in my order denying the Defendants' motion to dismiss, the underlying complaints here

allege intentional, reckless, and wanton conspiratorial conduct.[1] *See Markel Int'l Ins. Co. v. W. Pa. Child Care, LLC*, 805 F. Supp. 2d 88, 94 (2011). Reckless, malicious, or purposeful conspiratorial activities are not "negligent" and cannot be considered "accidents" under the plain language of an occurrence-based insurance policy like the one at bar. *See Legion Indemnification Co. v. Carestate Ambulance Inc.*, 152 F.Supp.2d 707, 716-718 (E.D. Pa. 2001) (holding that reckless or grossly negligent action and civil conspiracy are not covered "occurrences" in policy that defines "occurrence" as an "accident"). Thus, the allegations in the underlying complaint are not covered under Coverage A of the Markel Policies.

### 2. Coverage B

Markel does not have a duty to defend under Coverage B of the Markel Policies because the allegations in the underlying complaint fall under Coverage B's Exclusion (a). Coverage B insures Defendants from liability from personal and advertising injury arising out of claims for false arrest\imprisonment and malicious prosecution. Exclusion (a) of Coverage B states that the insurance does not apply to "'personal injury and advertising injury' caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal injury and advertising injury'." As I held in my order denying Defendants' motion to dismiss, the facts alleged in the underlying lawsuit fall within the "knowing violation" exclusion to Coverage B. *Markel*, 805 F. Supp. 2d at 94 (citing *Colony Ins. Co. v. Mid-Atlantic Youth Serv. Corp.*, No. 3:09-cv-1773, 2010 WL 817703, at *6 (M.D. Pa. Mar. 9, 2010)). Defendants now argue that the exclusion does not

---

[1] As explained in my order denying Defendants' motion to dismiss, I find no merit in Defendants' argument that the underlying complaints alleged conduct that was "something less than intentional." *See Markel Int'l Ins. Co. v. W. Pa. Child Care, LLC*, 805 F. Supp. 2d 88, 94 (2011).

8

apply because the complaints do not sufficiently establish that Mr. Powell or Mr. Zappala acted as agents in control of WPACC. But both the MIC and MCAC allege that the two Individual Defendants were owners of the Corporate Defendants, and that the purpose of their actions was to generate business for the Corporate Defendants. These allegations are sufficient to establish that the Individual Defendants were acting as agents of the Corporate Defendants. Therefore, Exclusion (a) applies and there is no duty to defend under Coverage B.

### E.     Duty to Indemnify

Because Markel has no duty to defend, it therefore has no duty to indemnify. *See Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir. 1994). As Markel has neither the duty to defend nor the duty to indemnify, its motion for summary judgment must be granted.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment against all Defendants will be granted. Defendants' cross-motion for summary judgment will be denied. An appropriate order follows.

March 7, 2012                                                                    /s/ A. Richard Caputo
Date                                                                                   A. Richard Caputo
                                                                                         United States District Judge